RUTH P. WAYSS *vs.* JOHN W. MOAKLER, JR., *Adm'r.*

JULY 8, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This bill in equity was brought to have the complainant adjudged to be entitled to all the real and personal property of the estate of Thomas J. Sands, deceased, by virtue of the latter's agreement to make a will in her favor, and for other pertinent and equitable relief. From a decree of the superior court sustaining the respondent's substantial demurrer and dismissing the bill, the complainant has duly prosecuted her appeal to this court.

The bill alleges in substance that the complainant and Thomas J. Sands were close friends for a long time and that she had performed some household services for him; that thereafter they entered into an agreement to the effect that if she continued to perform certain household services and other duties during his lifetime he would execute a last will and testament by which he would devise and bequeath to her all his real and personal property; that she performed

such services until his death; that Sands in accordance with their agreement executed his last will and testament in October 1946 whereby he devised and bequeathed all his property to her; that such will was placed in a safe deposit box standing in their joint names; and that a key thereto was given to the complainant by Sands. It is further alleged that Sands died suddenly January 26, 1948 without leaving any heir or next of kin; that the premises where he lived and the safe deposit box in which he had placed the will were entered and searched by persons unknown before complainant could get to them; that upon information and belief said last will and testament was either lost or stolen by persons unknown; and that upon petition of a creditor of Sands the respondent was appointed by the probate court as administrator of his estate and has duly qualified as such.

The bill thereupon prays that the respondent be enjoined from further administering the estate of Sands; that complainant be adjudged to be entitled "to the proceeds of the Estate of Thomas J. Sands absolutely by virtue of said agreement and said Last Will and Testament, less such expenses as may seem equitable * * *"; and that the respondent administrator be directed to pay over to the complainant all the proceeds of the estate less a reasonable sum for the burial of Sands.

In the superior court the respondent filed a substantial demurrer to the bill on nine grounds, and after a hearing thereon the trial justice sustained the demurrer and dismissed the bill upon the first, second, third and seventh of these grounds, which read as follows: "1. That the complainant has not in and by her bill of complaint made or stated such a case as entitles her in a court of equity to any relief against the respondent as to the matters contained in said bill of complaint or any of such matters. 2. That it appears from said bill of complaint, and from the matters alleged therein, that the complainant has an adequate remedy at law or in the Probate Court having jurisdiction

of the estate of Thomas J. Sands for the redress of any of the alleged grievances complained of in said bill of complaint. 3. That it appears from said bill of complaint, and from the matters alleged therein, that a court of equity has no jurisdiction in the premises with respect to the matters complained of in said bill of complaint. * * * 7. That it does not appear from said bill of complaint that the complainant has exhausted all the remedies at law and in the Probate Courts of the State of Rhode Island which are available to her for the redress of her alleged grievances."

The complainant under her reasons of appeal contends that the trial justice misconceived the purpose of the bill; that she was not trying to prove a lost will, as the trial justice seemed to believe, but was merely seeking relief by way of specific performance of an agreement that was based upon a valid consideration and had been entirely performed on her part. She argues that equity has exercised jurisdiction to give such relief under a similar agreement which has been fully executed, citing *Spencer* v. *Spencer,* 25 R. I. 239; *Messier* v. *Rainville,* 30 R. I. 161; *Lawton* v. *Thurston,* 46 R. I. 317; *Adams* v. *Swift,* 169 App. Div. 802.

In our opinion the trial justice did not misconceive the purpose of the bill. He did not consider, as complainant has contended, that she was attempting by this proceeding directly to establish in equity an alleged lost will. Indeed, he assumed the truth of the allegation that such a will had been duly executed as alleged, and on that and the other allegations admitted by the demurrer he found upon the authority of *Clarke* v. *Clarke,* 7 R. I. 45, that such a will, if it could be properly proved, came within the jurisdiction of the probate court under general laws 1938, chapter 569. As substantially pointed out in his decision, if there was a last will made in October 1946 by which Sands had devised and bequeathed all his real and personal property to complainant pursuant to the alleged agreement and if she could establish such will by proper proof in the probate court, then by resort to that court she would obtain in effect all the benefits she prayed the equity court to grant.

As further noted by the trial justice, there is no allegation in the bill to the effect that complainant was unable to prove the alleged lost will in the probate court. Nor is there any allegation that the agreement was breached by Sands, or that any later will purporting to make a different disposition from that set forth in the agreement had been filed in the probate court. Further, we find no allegation or reasonable inference that the respondent had searched the premises and safe deposit box and had appropriated the will in order to defeat the complainant's rights, if any, to have that will passed upon by the probate court.

We agree with the respondent's contention that this bill should be considered on the allegations as made, and that they should not be enlarged or extended on demurrer by supplying allegations of facts, inferences or assumptions not therein reasonably contained. See *Wolfe* v. *City of Providence*, 73 R. I. 417. Upon the allegations of this bill the question is not whether equity in a proper case has exercised jurisdiction to grant appropriate relief upon an agreement to make a will in a particular way where such agreement has been based upon a valid consideration, has been fully performed by one of the parties in accordance with its terms, and has been breached by the other. Nor does it concern the degree or character of proof that may be necessary to successfully establish a lost will. Here the question is merely whether equity ought to entertain a bill where the existence of the agreement to make a will in complainant's favor and the execution of such will pursuant thereto is alleged and therefore is admitted by the demurrer, where no breach or attempted breach of that agreement is alleged, and where such will has never been offered or passed upon in the probate court. The latter court in this state has primary jurisdiction of the probate of wills. G. L. 1938, chap. 569. In our opinion the trial justice correctly concluded that at this time and upon the admitted allegations of the bill the proceeding in equity was prematurely brought.

The complainant, however, relies strongly upon the case of *Adams* v. *Swift, supra,* to support her present position In that case a New York resident had made an antenuptial agreement for marriage. The marriage had taken place and a will was executed pursuant to that agreement. It was no longer possible to restore the complainant to her *status quo* as in the case of services with a monetary value. After the husband's death the will was filed for probate in Arizona. The law of that state did not permit a removal of the original will for production and probate in New York. But under a special code provision in New York the supreme court alone had jurisdiction over probate of a will where the original was lost or for other cause could not be produced. The surrogate's court, where primarily wills are probated in New York, had no jurisdiction over such a will. Therefore under the special code provision the complainant sought to probate the original or "Arizona" will in the supreme court of New York. Meanwhile a purported later will which changed the terms of the original will was filed in the surrogate's court of New York but had not been probated. The supreme court under its special and exclusive jurisdiction allowed probate of the original or Arizona will, and then under its general equitable powers to avoid multiplicity of action also enjoined the further attempted probate of the second will in the surrogate's court.

Obviously that situation is different from the facts alleged in the instant bill. Here no probate proceeding has ever been attempted in the court which has primary jurisdiction over the probate of such a will. Indeed, it has never been offered for probate in any court. No later will which would nullify the first will has been filed and no breach of Sand's agreement has been alleged in this bill. In our opinion the principle of the New York case is based on law and facts that are different from and do not apply to the allegations of this bill.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Ralph Rotondo,* for complainant.

*Hurley, Moriarty & Connly, Walter V. Moriarty,* for respondent.